UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

BERNADEL SEMEXANT

CASE NO. 4:25-CR-00110

# PLEA AGREEMENT

Defendant Bernadel Semexant, represented by his counsel William Joseph Turner, and the United States of America, represented by Assistant United States Attorney Sherri A. Stephan, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

## 1. Guilty Plea

Defendant agrees to enter a plea of guilty to Counts One and Two of the Indictment, charging enticement of a minor, in violation of Title 18, United States Code, Section 2422(b) (Count One) and sexual abuse of a minor, in violation of Title 18, United States Code, Section 2243(a) (Count Two).

## 2. Elements and Factual Basis

**Count One**: The elements necessary to prove the offense charged in Count One are as follows: first, the Defendant knowingly persuaded, induced, enticed, or coerced [the minor victim - MV1] to engage in sexual activity, as charged; second, the Defendant used a computer or the internet to do so; third, when the Defendant did these acts, [the minor victim - MV1] was less than 18 years old; and fourth, one or

more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under federal or Georgia law.

**Count Two**: The elements necessary to prove the offense charged in Count Two are as follows: first, the Defendant knowingly engaged in a sexual act with [the minor victim - MV1]; second, at the time, [the minor victim - MV1 was at least 12 years old but less than 16 years old; third, at the time, [the minor victim – MV1] was at least four years younger than the defendant; and fourth, the acts occurred within the territorial jurisdiction of the United States.

Defendant agrees that he is, in fact, guilty of these offenses. He agrees to the accuracy of the following facts, which satisfy each of the offenses' required elements, and had the matter proceeded to trial, the United States would have proven the facts beyond a reasonable doubt:

The Defendant, as a 33 year old man, and a teacher and preacher in the House of Prayer Church, engaged in a pattern of grooming a minor female, including engaging in over 100,000 text message communications where he persuaded, induced, enticed, and coerced the minor, starting when she was 14 years old, to engage in sexual activity for which he could be charged under both federal and Georgia law, specifically, child molestation and aggravated child molestation in violation of O.C.G.A. § 16-6-4; statutory rape in violation of O.C.G.A. § 16-6-3; and sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). The Defendant used an Apple iPhone that was manufactured outside the state of Georgia, and the internet, to entice and groom the minor victim.

BS____ Defendant's Initials

In or about March 2024, when the minor female was 15 years old, the Defendant's enticement and grooming resulted in the Defendant having sex with the minor on multiple separate occasions, including inserting his penis in her vagina, as well as oral sex, in various locations, including in a vehicle while parked at the Fort Stewart Military Reservation Training Center, which is in the territorial jurisdiction of the United States.

**3. Statutory Penalties**

Defendant's guilty plea will subject him to the following maximum possible penalties:

**Count One**: lifetime imprisonment, not less than ten years' imprisonment, a $250,000 fine, not less than five years of supervised release up to lifetime supervised release, registration as a sex offender, special assessments, and mandatory restitution.

**Count Two**: fifteen years' imprisonment, a $250,000 fine, not less than five years of supervised release up to lifetime supervised release, registration as a sex offender, special assessments, and mandatory restitution.

**4. No promised sentence**

No one has promised the Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else. The Court may impose a

BS Defendant's Initials

sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. **Applicability of United States Sentencing Guidelines**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for the Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on **all** of the Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular counts to which the Defendant is pleading guilty.

6. **Agreements Regarding Sentencing Guidelines**

a. **Use of Information**

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range

b. **Acceptance of Responsibility**

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines.

c. The Government agrees that it will not pursue or advocate for any a cross-reference pursuant to USSG 2G1.3(c)(1).

BS ____ Defendant's Initials

7. **Dismissal of Other Counts**

At sentencing, the government will move to dismiss any other counts of the Indictment that remain pending against Defendant.

8. **Forfeiture**

a. The Defendant agrees to forfeit his interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the Title 18 offenses to which Defendant has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, specifically electronic devices seized from the Defendant during the course of this investigation, including an Apple iPhone 15 Pro Max, bearing serial number KF4PV203PX (the "Subject Property").

b. Defendant states that he is the rightful owner of the Subject Property, that, to the best of the Defendant's knowledge, no other person or entity has any interest in the Subject Property, and that Defendant has not transferred, conveyed, or encumbered the Defendant's interest in the Subject Property. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

BS Defendant's Initials

c. Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. The Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. Additionally, the Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. The Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

8. **Financial Obligations and Agreements**

**a. Restitution**

The amount of restitution ordered by the Court shall include restitution for the full loss caused by the Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive the Defendant, notwithstanding the abatement of any underlying criminal conviction.

**b. Special Assessment**

The Defendant agrees to pay a special assessment in the amount of $200, payable to the Clerk of the United States District Court, which shall be due

BS Defendant's Initials

immediately at the time of sentencing, and any additional assessments that are ordered by the Court pursuant to 18 U.S.C. § 3014 and 18 U.S.C. § 2259A.

**c. Required Financial Disclosures**

By the date that the Defendant enters a guilty plea, he shall complete a financial disclosure form listing all the Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in the Defendant's name or in the name of another. The Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. The Defendant authorizes the United States to obtain credit reports on the Defendant and to share the contents of those reports with the Court and the United States Probation Office. The Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

**d. Financial Examination**

The Defendant will submit to an examination under oath on the issue of the Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of the Defendant's guilty plea.

**e. No Transfer of Assets**

The Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations or forfeiture created by this Agreement or that may be imposed upon the

BS___ Defendant's Initials

Defendant by the Court at sentencing. The Defendant promises that Defendant will make no such transfers in the future.

**f. Material Change in Circumstances**

The Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

**g. Enforcement**

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. The Defendant understands and agrees that the financial obligations and forfeiture imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

**9. <u>Waivers</u>**

**a. Waiver of Appeal**

The Defendant entirely waives the Defendant's right to a direct appeal of the Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions

BS Defendant's Initials

are that the Defendant may file a direct appeal of the Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, the Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

**b. Waiver of Collateral Attack**

The Defendant entirely waives the Defendant's right to collaterally attack the Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that the Defendant may collaterally attack the Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

**c. FOIA and Privacy Act Waiver**

The Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

**d. Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver**

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a

BS Defendant's Initials

defendant during the course of plea discussions or plea proceedings. The Defendant knowingly and voluntarily waives the protections of these rules. If the Defendant fails to plead guilty, or the Defendant's plea of guilty is later withdrawn, all of the Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

**10. Sex Offender Registration**

The Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of the Defendant's supervised release pursuant to 18 U.S.C. § 3583(d). Independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout the Defendant's life.

**11. The Defendant's Rights**

The Defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other critical stage of the proceeding. The Defendant possesses a number of rights which the Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

BS Defendant's Initials

**12. Satisfaction with Counsel**

The Defendant has had the benefit of legal counsel in negotiating this agreement. The Defendant believes that the Defendant's attorney has represented the Defendant faithfully, skillfully, and diligently, and the Defendant is completely satisfied with the legal advice given and the work performed by the Defendant's attorney.

**13. Breach of Plea Agreement**

If the Defendant fails to plead guilty, withdraws or attempts to withdraw the Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding the Defendant's sentence, including any agreements regarding the calculation of the Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against the Defendant that might otherwise be barred by this plea agreement. The Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

BS ____ Defendant's Initials

**14. Entire Agreement**

This agreement contains the entire agreement between the government and the Defendant.

MARGARET E. HEAP
UNITED STATES ATTORNEY

10/19/2026
Date

Patricia G. Rhodes
Chief, Criminal Division

10/19/2026
Date

Sherri A. Stephan
Assistant United States Attorney

____ Defendant's Initials

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. I have read and carefully reviewed this agreement with my counsel. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

10/19/26
Date

Bernadel Semexant, Defendant

I am counsel for the Defendant. I have fully explained to the Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

10/19/26
Date

William Joseph Turner
Defendant's Attorney